

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**STEPHANIE M. VILELLA ALONSO**
Assistant Corporation Counsel
Phone: (212) 356-2318
Fax: (212) 356-3559
svilella@law.nyc.gov

April 24, 2020

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: Frederick Funes v. City of New York, et al., 18-CV-9558 (JMF)

Your Honor:

  I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, representing defendants City of New York, Captain Fernandez, and Captain Muhammad in the above-referenced matter. Defendants write respectfully pursuant to Your Honor's March 25, 2020 Order to request a sixty-day stay of this action, and a corresponding adjournment, *sine die*, of all pending deadlines and conference given the current medical emergency. This is the first of such request. Plaintiff is currently incarcerated and, thus, unavailable by telephone. Accordingly, this request is submitted without plaintiff's consent.

  By way of background, plaintiff alleges in his complaint, *inter alia*, that on February 15, 2018, he was subjected to excessive force by several correction officers. An Initial Pre-Trial Conference was scheduled for March 26, 2020, at 2:15 p.m. To date, defendants have served plaintiff with various documents, including Initial Disclosures and Local Rule 33.2 Interrogatories and Requests for Production of Documents.[1] The parties have also submitted a proposed Case Management Plan and Scheduling Order for the Court's endorsement. (See ECF No. 36) On March 25, 2020, the Court extended all dates and deadlines by thirty days. (See ECF No. 46) The Court further ordered defendants to submit a status report within thirty days indicating whether any further changes to the schedule are necessary. (See id.)

  Given the current medical emergency, the parties believe that a 60-day stay is warranted at this time. Working from home creates accessibility problems in regards to documents

---

[1] Defendants served these documents on March 12, 2020.

and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendants from having all the information necessary to, *inter alia*, fully assess cases, and otherwise conduct regular business. Defendants must regularly communicate and coordinate with DOC, and DOC is facing these same communication and access challenges as it pursues compliance with Governor Cuomo's executive order and seeks to protect the health and safety of the individuals in their organization. Such delays and problems are expected to continue until individuals are allowed to return to their offices.

Additionally, the work-from-home mandate has created a number of challenges in terms of corresponding with incarcerated *pro se* plaintiffs. At this time, corresponding with incarcerated *pro se* plaintiffs is difficult in the context of a work-from-home situation because sending correspondence would require defendants venturing out to local post offices, which is directly in conflict with the work-from-home mandate currently in place. The mandate further limits the undersigned's ability to receive and respond to mail from plaintiff.

Based on the foregoing, defendant City of New York respectfully requests that the Court stay the instant matter, and respectfully requests that all pending deadlines and conferences in this case be adjourned, *sine die*, until June 24, 2020. The parties can provide the Court with a revised Case Management Plan and Scheduling Order by June 30, 2020.

Thank you for your consideration herein.

Respectfully submitted,

Stephanie Michelle Vilella Alonso
*Assistant Corporation Counsel*

cc: **BY FIRST-CLASS MAIL**
Frederick Funes
*Plaintiff Pro Se*
DIN #: 19-A-0167
Great Meadow Correctional Facility
P.O. Box 51
Comstock, New York 1281-0051

All deadlines are hereby EXTENDED by 60 days. The case is not stayed; the parties should endeavor to make as much progress on discovery as possible under the circumstances, as well as engage in settlement discussions in good faith. **Within 60 days of the date of this Order**, the City shall file a letter on ECF (1) updating the Court on what discovery has occurred and what remains, and (2) the progress of any settlement discussions, and (3) proposing a revised schedule going forward. **Within two days of the date of this Order**, the City shall mail a copy of this Order to Plaintiff and file proof of such service on ECF. If counsel is unable to complete this mailing as a result of COVID-19 and related disruptions, counsel shall promptly notify the Court by letter filed on ECF.

The Clerk of Court is directed to terminate ECF No. 48. SO ORDERED.

April 24, 2020