UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
         :
FREDERICK FUNES,         :
        Plaintiff,    :
         :      18-CV-9558 (JMF)
    -v-        :
         :      ORDER OF DISMISSAL
CITY OF NEW YORK et al.,         :
        Defendants.    :
         :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On July 24, 2020, Defendants filed a motion to compel Plaintiff Frederick Funes, proceeding *pro se*, to respond to Defendants' First Set of Document Requests and Interrogatories. ECF No. 56. The Court granted the motion and ordered Mr. Funes to "provide all responses to Defendants' discovery requests no later than September 4, 2020." ECF No. 59. On August 24, 2020, shortly after receiving a letter from Mr. Funes dated August 1, 2020, the Court extended his deadline to comply to October 5, 2020. *See* ECF No. 61. In doing so, the Court warned Mr. Funes that "failure to cure any discovery deficiencies by the date could result in sanctions, including but not limited to dismissal of his complaint." *Id.* at 1. On October 22, 2020, after Mr. Funes failed to cure the deficiencies in his discovery obligations, the Court ordered him to show cause, within thirty days, why the complaint should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure in light of his continued failure — long after his deadline had passed — to respond to Defendants' discovery requests. *See* ECF No. 73. Mr. Funes was warned that "[f]ailure to show such good cause (or otherwise indicate an intention to proceed with the lawsuit) may result in dismissal of the case as abandoned or for failure to prosecute pursuant to Rule 41." *Id.* at 2. Mr. Funes failed to do so.

On November 23, 2020, Defendants moved to dismiss the complaint for failure to prosecute pursuant to Rule 41(b).  ECF No. 76.  Two days later, after receiving a letter from Mr. Funes dated September 28, 2020, the Court denied Mr. Funes's request for the appointment of counsel, but gave him "**one final [thirty-day] extension** . . . to comply with the Court's Order to Show Cause dated October 22, 2020."  ECF No. 77, at 2.  Accordingly, Defendants' motion was denied without prejudice to renew.  Mr. Funes was again warned that "[f]ailure to show such good cause (or otherwise indicate an intention to proceed with the lawsuit) may result in dismissal of the case as abandoned or for failure to prosecute pursuant to Rule 41."  *Id.*

To date, Mr. Funes has not shown such good cause.  On December 29, 2020, following the expiration of Mr. Funes's final extension to respond, Defendants renewed their motion to dismiss the complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *See* ECF No. 79.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004).  Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances."  *Id.* at 251.  In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket

2

with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In this case, Mr. Funes was on notice of his obligation to respond to Defendants' discovery requests at least since the Court's August 12, 2020 Order compelling him to do so no later than September 4, 2020.  ECF No. 59.  Moreover Mr. Funes was repeatedly warned that his failure to comply with his discovery obligations could result in dismissal of his case.  See ECF Nos. 59, 61, 74, 77.  In light of Mr. Funes's apparent total unwillingness to comply with Defendants' discovery requests, dismissal of the case is warranted.  However, given Mr. Funes's *pro se* status, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice.  *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute.

Defendants shall promptly mail a copy of this Order on Mr. Funes and file proof of such service on the docket.

 The Clerk of Court is directed to terminate ECF No. 79 and to close the case.

SO ORDERED.

Dated: January 7, 2021
       New York, New York
                                              _____
                                              JESSE M. FURMAN
                                              United States District Judge

3